NICHOLS,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(85-AB-1612; CA A38186)

729 P2d 13

Michael A. Lehner, Portland, argued the cause for appellant. On the brief were Barry F. Shanks, and Mitchell, Lang & Smith, Portland.

John T. Sahlberg, Boise, Idaho, argued the cause for respondent Boise Cascade Corporation. With him on the brief were Thomas E. Ewing, and Garrett, Seideman, Hemann, Robertson & DeMuniz, P.C., Salem.

No appearance for respondent Employment Division.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner seeks review of an Employment Appeals Board (EAB) order affirming a hearings officer's denial of unemployment compensation. Because the findings of fact adopted by EAB do not and cannot support its conclusion, we reverse.

The findings of fact are not in dispute. Petitioner was dissatisfied with the performance of his immediate supervisor. On October 30, 1984, he wrote a memorandum to Dahl which stated: "Unless there is a change in management relative to my position, my resignation is effective January 2, 1985." At the end of November, petitioner learned that his work group had been reorganized and that, as a result, his immediate supervisor had been removed from that position. He also learned, however, that he was not included in the restructuring of the group. He thereupon wrote a memorandum to Dahl on December 3 seeking to withdraw his resignation. Dahl made a notation on the memorandum that petitioner's resignation had already been accepted and that the request to withdraw it was denied.

There were two meetings between petitioner and Dahl, one on December 5 and the other on December 10. Petitioner indicated his willingness to continue employment after January 2, because the reorganization met the condition of his resignation. Dahl refused, because the restructuring plan had been completed after petitioner had submitted his resignation memo and because another employe had been given petitioner's position.

Petitioner challenges the referee's findings as inadequate to support the conclusion that he voluntarily quit[1] his employment without good cause. We agree. The memorandum on which the referee relied was expressly conditional; it was to be effective only on the nonoccurrence of a condition. When

---

[1] The referee concluded that petitioner left his job voluntarily, under OAR 471-30-038(2), which provides:

"[T]he distinction between voluntary leaving and discharge is: (a) If the employe could have continued to work for the same employer for an additional period of time the separation is a voluntary leaving of work. (b) If the employe is willing to continue to work for the same employer for an additional period of time but is not allowed to do so by the employer the separation is a discharge * * *."

petitioner's work group was restructured to remove his supervisor from that position, the condition occurred and the resignation was ineffective as a matter of law.

Reversed.